IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Jeffrey D. Rish,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>City of Columbia,<br><br>　　　　　　　　Defendant. | C/A No. 3:17-3145-JFA<br><br><br>**ORDER** |

## I.　INTRODUCTION

Plaintiff Jeffrey D. Rish ("Plaintiff") filed this civil action on November 17, 2017 alleging unlawful employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, against Defendant City of Columbia ("Defendant"). Plaintiff, a Caucasian male firefighter, alleges that the demotion he received from his superiors for poking the buttocks of an African-American male subordinate firefighter with his thumb unfairly diverges from the lack of discipline, and subsequent promotion, of Mickey Folsom ("Comparator"), an African-American firefighter who slapped a Caucasian male subordinate firefighter on the buttocks. (ECF No. 47 at 2). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this case was referred to a Magistrate Judge for Review. (ECF No. 47 at 1). Thereafter, on January 25, 2019, Defendant filed a Motion for Summary Judgment ("Motion"). (ECF No. 33).

1

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report"), opining that Defendant's Motion should be denied. (ECF No. 47 at 8). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. (ECF No. 47). The Magistrate Judge required Defendant to file objections by May 22, 2019 (ECF No. 47 at 9) and Defendant timely filed its Objections (ECF No. 49). Plaintiff also filed a Reply to Defendant's Objections. (ECF No. 53). Accordingly, the Motion is ripe for review.

## II.   LEGAL STANDARD

The district court is required to conduct a *de novo* review only of the specific portions of the Magistrate Judge's Report to which objections are made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *see also Carniewski v. W. Va. Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate Judge's Report, this Court is not required to give an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Plaintiff has made specific written objections. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017)

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

(citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the Complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

Where an objection is "nonspecific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate[s] . . . claims," the Court need not conduct any further review of that objection. *Field v. McMaster*, 663 F. Supp. 2d 449, 452 (D.S.C. 2009); *see also McNeil v. SC Dept. of Corrections*, No. 5:12-2880-MGL, 2013 WL 1102881, at *1 (D.S.C. Mar. 15, 2013) (finding petitioner's objections to be without merit where the objections were "non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report, and consist[ed] of a reassertion of the arguments" made in the petition); *Arbogast v. Spartanburg Cty.*, No. 07:11-cv-00198-GRA, 2011 WL 5827635, at *2 (D.S.C. Nov. 17, 2011) (finding that plaintiff's objections were not specific where the objections were "general and conclusory in that they merely reassert[ed] that his conviction was wrongful.").

## III. DISCUSSION

In opposing Defendant's Motion, Plaintiff argues a genuine issue of material fact exists with regard to whether his conduct was similar to his proffered Comparator's. The Magistrate Judge's Report sides with Plaintiff, finding the conduct of Plaintiff and his Comparator were sufficiently similar in appearance to raise a jury question of whether they are similar in nature and severity. The Report gives two reasons for its conclusion.

### A. The Report

First, the Report asserts that slapping a subordinate's buttocks and poking a subordinate's buttocks with one's thumb, though not identical, are similar enough for the jury to determine whether they are similar in nature and severity. (ECF No. 47 at 7). Here, Defendant seeks to differentiate as a matter of law Plaintiff's conduct from Comparator's by arguing that Plaintiff's conduct was of a sexual nature, and therefore treated as sexual harassment. (ECF No. 47 at 6). Comparator's conduct, Defendant contends, was properly viewed as less serious "horseplay." (ECF No. 47 at 6). However, the United States Court of Appeals for the Fourth Circuit recently discussed comparator evidence, clarifying that, contrary to Defendant's position here, a plaintiff need not demonstrate that the comparator is identically situated to him for a valid comparison. *Haynes v. Waste Connections, Inc.*, ___ F.3d ___, 2019 WL 1768918, at *3-4 (4th Cir. Apr. 23, 2019). As the Haynes Court stated:

> Turning first to the issue of an appropriate comparator, this Court has emphasized that a comparison between similar employees "will never involve precisely the same set of work-related offenses occurring over the same period of time and under the same sets of circumstances." *Cook v. CSX Transp. Corp.*, 988 F.2d 507, 511 (4th Cir. 1993). Rather, to establish a valid comparator, the plaintiff must produce evidence that the plaintiff and comparator "dealt with the same supervisor, [were] subject to the same standards and . . . engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the

4

> employer's treatment of them for it." *Haywood v. Locke*, 387 F. App'x 355, 359 (4th Cir. 2010) (quoting *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir. 1992)).

*Haynes*, 2019 WL 1768918, at *3 (alterations and omission in original).

The Report accordingly concludes that the record here permits a reasonable inference that Comparator's act of slapping a subordinate coworker on the buttocks with an open palm while the coworker was in a partial state of undress was comparably sexual in nature to Plaintiff's poking or "goosing" a subordinate with his thumb. (ECF No. 47 at 7). Whether this conduct is comparably serious therefore lies with in the province of a jury. As the Haynes Court observed:

> Taken as a whole, the evidence in the record could permit a reasonable factfinder to conclude that Haynes and Hicks are proper comparators. Because Haynes is similar to Hicks in all relevant respects but was treated differently from Hicks, a white employee, the district court erred in holding that Haynes had failed to establish a proper comparator.

*Id.* at *4.

Secondly, the Report maintains that difference in victims' responses to the instances of conduct in question does not preclude a finding that the conduct was similar, thus making the question of whether the conduct was sufficiently similar in nature and severity appropriate for a jury to decide. (ECF No. 47 at 7-8). Here, Defendant seeks to distinguish Plaintiff's conduct from Comparator's based on the victims' responses, arguing that Plaintiff's victim was so offended that he pressed criminal charges (which were ultimately dismissed), while Comparator's victim did not pursue the matter beyond an initial complaint to his supervisor. (ECF No. 47 at 7). However, nothing in the case law suggests that the victims' decisions as to how to address similar misconduct is a valid differentiating or mitigating circumstance to preclude a valid comparison. (ECF No. 47 at 7). In fact, as Plaintiff argues, the case law focuses on the nature of the offenses committed. *See Moore v. City of Charlotte*, 754 F.2d 1100, 1105 (4th Cir. 1985) ("The most important variables

5

in the disciplinary context, and the most likely sources of different but nondiscriminatory treatment, are the nature of the offenses committed and the nature of the punishments imposed.").

The Report therefore concludes that Plaintiff presented sufficient evidence to establish a *prima facie* case. (ECF No. 47 at 8). Moreover, because Defendant's proffered legitimate, nondiscriminatory reason for demoting Plaintiff also depends on distinguishing his conduct from Comparator's, the Report recommends allowing Plaintiff's claim to proceed to trial by denying the Motion. (ECF No. 47 at 8).

**B. Briefs in Objection to, and Support of, the Report**

In its Objections, Defendant argues the Magistrate Judge erred in finding Plaintiff established a *prima facie* case of racially disparate discipline under the *McDonnell Douglas* framework due to the lack of objective evidence that the City's desperate disciplinary action was motivated by racial discrimination as pretext for more severe discipline. (ECF No. 49 at 4). Further, Defendant objects to the Magistrate Judge's conclusion that the aforementioned conduct was similar by reiterating the difference in victims' responses to the alleged conduct, specifically noting that the victim in the Comparator's incident did not think his superior struck him in a sexual manner, which was a legitimate and nondiscriminatory reason for the differing discipline under the *McDonnell Douglas* framework, shifting the burden of proof back to Plaintiff, which Defendant argues Plaintiff failed to uphold. (ECF No. 49 ta 3).

In Reply, Plaintiff reiterates that the conduct in both instances of contact was similar by noting that "Plaintiff and the comparator were both officers who were supervised by Fire Chief Jenkins and both engaged in physical contact with a subordinate's buttocks. The only difference was that Plaintiff used a single thumb to make physical contact, and the comparator used a palm . . . ," making the issue of the comparable seriousness of the acts ripe for the jury's review. (ECF

6

No. 53 at 3). Moreover, Plaintiff downplayed the Comparator's victim's belief that the conduct against him was not sexual, reiterating the Magistrate Judge's conclusion that "there is no existing case law that takes into account the response of the object of the behavior at question when assessing the similarities between misconduct in such a situation." (ECF No. 53 at 3) (citing (ECF No. 47 at 7)).

### C. This Court's Analysis

Despite Defendant's claim that Plaintiff failed to prove racial discrimination as pretext for disperate discipline, Plaintiff did present evidence (1) that he engaged in prohibited conduct similar to that of a person of another race, color, sex, religion, or national origin; and (2) that disciplinary measures enforced against him were more severe than those enforced against the other person. *See Lightner*, 545 F.3d at 264-65. Thus, the Court is satisfied that Plaintiff has established a *prima facie* case of discrimination for review by the jury.

Under the *McDonnell Douglas* test, after Plaintiff has established a prima facie case of discrimination, the burden then shifts to Defendant to show a legitimate, non-discriminatory reason for the differing discipline. *Merritt v. Old Dominion Freight*, 601 F.3d 289, 294 (4th Cir. 2010). Even though Defendant claims it presented such a reason, Defendant's basis for its argument is the differing responses of the victims. (ECF No. 49 at 3). However, a victim's response is not determinative of the nature of the conduct against him; the correct approach is an examination of the nature of the conduct itself and the punishment imposed. *Moore*, 754 F.2d at 1105. No case law supports Defendant's assertion that "[t]he City is entitled to rely on the nature ascribed by the victim as to whether contact/conduct felt sexual in nature." (ECF No. 49 at 5). Thus, this Court adopts the Report's recommendation.

7

**IV.     CONCLUSION**

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report, (ECF No. 47). Therefore, Defendant's Motion (ECF No. 33) is DENIED.

IT IS SO ORDERED.

August 15, 2019　　　　　　　　　　　　　　　Joseph F. Anderson, Jr.
Columbia, South Carolina　　　　　　　　　　United States District Judge